The Chief Justice delivered the opinion of the court as follows:
By a rule of the Court of Common ¡Pleas of the county of Hunterdon, it is required, “ that upon the return of the appeal papers, the appellant shall pay to the clerk of the court the sum of one dollar, to answer the court and clerk’s fees on the said appeal, and that no appeal shall be entered *91] on the minutes or heard before *the court until the same be paid, and if the same.be not paid at the term to-which the appeal is returned, the appeal shall be dismissed, unless for special cause shewn.” An appeal between the above named parties was dismissed under this rule, because- *115 the sum mentioned in the rule was not paid, the proceedings of appeal being in other respects regular; and a mandamus to re-instate the appeal is now sought.
The object of the rule, and we understand a similar one has been made in some others of the counties, is just, salutary and legal; to secure to the court and clerk the payment of the small amount of fees which is in those cases allowed to thorn. The duties performed by the judges of the Courts of Common Pleas in matters of appeal, are important and beneficial to the community, and require, on their part, much of their time, care and attention. The fees established by law for these services are small, though doubtless wisely graduated by the legislature, with a view to afford a re-hearing in matters of small value, without inordinate expense. But even these fees, moderate as they are, are often left unpaid and are lost, without prompt and effectual means are taken to secure them. For wlmt court, sensible of its own dignity, would seek or sue for fifty cents in as many different parts of the county ? It is therefore both expedient and lawful for the court to make and ouforce suitable rules on this subject. And we entirely approve of the principle on which tho rule now brought before us, is founded. But we apprehend the amount required to he paid on the return of tho appeal papers is too large. The courts may properly direct that the several fees allowed for the various services incident to the appeal shall be paid at the time of their performance, and that the clerk shall not be required to file tho papers nor to enter an appeal or a judgment, unless at tho time the appropriate fees are tendered to him. Thus, the court may direct, that on tho return of the appeal, the fees for the services then to be done shall be paid, prior to the performance of those services. But we apprehend, payment, at that time, in advance of fees which are anticipated at some future stage of the proceeding, cannot be required. For example, tho fee due to the court on the hearing and determination of the *116 appeal. A hearing may perhaps never take place. Many cases, by compromise or agreement, or otherwise, between the parties, are never tried, and this service, therefore, is *92] not performed. In many instances a considerable *time elapses after the entry before the trial. Certain judges might, under this rule, receive the fees, and others be required to perform the duties. Upon looking into the table of fees in the statute, Rev. Laws 647, we think that the amount for the services to be performed, upon the return of the appeal, or in other words, when “ the transcript of the proceedings and judgment, together with the bond,” are sent by the justice to the clerk of the court, is thirty-seven cents, that is to say, for entering action, seven cents, for filing bond, seven cents, for filing transcript, seven cents, for rule for entering appeal, seven cents, and for crier’s fee, nine cents. Of consequence, the sum of one dollar ought not, in the present instance, to have been required, nor should the appeal have been dismissed for the omission to pay it.
Let a mandamus issue.